The undersigned have reviewed the Order of Dismissal based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the dismissal. Upon reconsideration of the evidence, the undersigned are of the opinion that the Deputy Commissioner erred in her decision to dismiss plaintiff's case. Accordingly, the Order of December 12, 1994 is HEREBY VACATED, and the undersigned proceed to find as follows:
FINDINGS OF FACT
1. Following the taking of previous testimony in this matter at a hearing on October 24, 1994, the case was re-scheduled for hearing on December 2, 1994. The reason this case was not reset for hearing until December 2, 1994, was due to the need to correlate the schedules of the numerous witnesses and of the counsel involved in this matter.
2. At the time this matter was called for its scheduled hearing, plaintiff's counsel was present. However, plaintiff was not present. Counsel for defendants was present and ready to proceed with five witnesses for defendant also being present in court.
3. Defense counsel moved to have plaintiff's case dismissed with prejudice. By Order of December 12, 1994, the Deputy Commissioner dismissed plaintiff's case with prejudice.
4. Plaintiff submitted an affidavit wherein she alleged that her failure to appear at the scheduled December 2, 1994, hearing was due to an appointment she had with John Orcutt, an attorney in Raleigh, regarding foreclosure on her home. However, contradictory evidence exists in the form of an affidavit from Kim Gilbert, stating that plaintiff did not have an appointment with Mr. Orcutt's office on December 2, 1994.
5. Regardless of whether plaintiff actually had an appointment or thought she had an appointment on the same morning as the hearing, the undersigned find that plaintiff's allegation regarding her confusion over the hearing date is credible and convincing, and constitutes a reasonable excuse under the circumstances. The undersigned note that plaintiff only missed the one hearing date and shows no pattern of intent or deliberateness to thwart or delay the prosecution of her claim. There is no convincing evidence to the contrary.
6. Plaintiff had diagnosed psychological conditions (depression, panic disorder, agoraphobia, etc.) and was under a great deal of stress at the time of the second scheduled hearing due to the pending foreclosure of her home and other financial and personal difficulties. It is not implausible to the undersigned that plaintiff could have become mixed up as to the date of her hearing. At the worst, as plaintiff counsel categorized it, plaintiff made an unfortunate mistake as to the time of her hearing.
7. Plaintiff has had no decision on the merits of her case.
The foregoing findings of fact engender the following
CONCLUSION OF LAW
1. The undersigned, in their discretion, have determined, that, in the interest of justice and seeking a fair resolution of this case on the merits, plaintiff's case shall be RESET for hearing before a Deputy Commissioner at the earliest possible convenience.
The foregoing Findings of Fact and Conclusion of Law engender the following
ORDER
1. This matter is HEREBY REMANDED to the Deputy Commissioner level hearing docket to be heard in due course.
2. Costs shall abide a final determination of the matter on the merits.
This the ___________ day of _________________________, 1995.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
JHB/nwm 4/10/95